IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| Skylor Johnson,<br><br>On behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>Travis County, Texas,<br><br>                    Defendant. | Case No. 24-cv-0386 |

**MOTION FOR CLASS CERTIFICATION**

## TABLE OF CONTENTS

I.     Statement of the Case ................................................................................................ 1

II.    Statement Defining Class to Be Certified .............................................................. 1

III.   Plaintiff's Particular Grievance is Magistration Without Counsel..................... 2

IV.    This Action May Be Maintained Under Rule 23(b)(2) Because Travis County's
       Denial of Counsel Applies Generally to the Class ................................................ 2

V.     This Action Satisfies the Prerequisites of Rule 23(a) .......................................... 3

       A.    Joinder of All People Travis County Subjects to Detention Without Counsel is
             Impracticable ................................................................................................ 4

       B.    Claims by The Proposed Class Raise Common Questions That Will Generate
             Common Answers .......................................................................................... 6

       C.    The Named Plaintiffs' Claims Are Typical of the Proposed Class ................ 8

       D.    The Named Plaintiffs Are Competent and Dedicated Class Representatives ......... 9

VI.    Plaintiffs' Counsel Know of No Pending Actions in Any Court Against the
       Defendants Alleging the Same or Similar Causes of Action ............................. 12

VII.   Class Counsel Has Thoroughly Explained the Nature of a Class Action and the
       Relative Merits of Class versus Individual Actions ........................................... 12

VIII.  Plaintiffs' Cunsel Do Not Propose Requiring Notice Because They Seek Only
       Prospective Relief Under Rule 23(b)(2) .............................................................. 13

IX.    Settlement with the Named Plaintiffs on an Individual Basis is Unlikely ....... 13

X.     Other Matters Plaintiffs' Counsel Deem Necessary and Proper to Expedition of a
       Decision on the Motion and Speedy Resolution of the Case on the Merits ..... 13

       Certificate of Conference ...................................................................................... 16

       Certificate of Service ............................................................................................. 16

## ARGUMENT

The putative class seeks a declaration affirming the constitutional obligation of Travis County to provide counsel at initial bail hearings, referred to locally as "magistration." This motion for class certification is organized by the ten statements required under Rule CV-23 and Appendix A of the Local Court Rules of the United States District Court for the Western District of Texas.

**I.      Statement of the Case**

For arrestees like the named Plaintiff who cannot afford counsel, magistration is a proceeding at which arrestees are questioned by the magistrate, the basis for pretrial detention orders is concealed from the arrestees, and no attorneys are provided to introduce evidence or argue for pretrial release. Instead, arrestees must make an uncounseled choice to waive their right to silence or their right to be heard on bail.

Unlike wealthier arrestees, who can increase their chances of release by hiring an attorney to access a specialized process for release, arrestees who cannot afford counsel risk periods of pretrial detention for a week or more before a court-appointed lawyer can make an argument for release. Thousands of people who cannot afford counsel are detained in this manner each year. The putative class seeks a declaration affirming their right to counsel at magistration under the Sixth and Fourteenth Amendments.

**II.     Statement Defining Class to Be Certified**

Plaintiff seeks to represent a class of all people who are unable to retain counsel and are detained at Travis County Jail awaiting magistration for criminal charges punishable by imprisonment.

1

### III. Plaintiff's Particular Grievance is Magistration Without Counsel

The named Plaintiff requested appointment of counsel and cannot afford to retain counsel. Ex. 3 (Johnson Declaration) ¶¶ 2, 5. He was not represented by counsel at magistration and remains unrepresented. *Id.* ¶¶ 2, 9. He is suffering ongoing injury from the deprivation of counsel at magistration because he is still in jail under the pretrial detention order issued at magistration. *Id.* ¶ 11; Ex. 5 (Travis County Sheriff Inmate Lookup for Skylor Johnson).

### IV. This Action May Be Maintained Under Rule 23(b)(2) Because Travis County's Denial of Counsel Applies Generally to the Class

The proposed class in this case is ideal for certification under Rule 23(b)(2) because Travis County has "refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "This is a simple inquiry in most cases." *Newberg on Class Actions*, *supra*, § 4:28. The requirement of a generally applicable set of actions "ensures that the class's interests are related in a manner that makes aggregate litigation appropriate . . . and therefore efficient." *Id.* Thus, "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Dukes*, 564 U.S. at 360.

Civil rights class actions seeking injunctive and declaratory relief are "prime examples" of the types of actions that Rule 23(b)(2) is meant to capture. *Dukes*, 564 U.S. at 361. *See also Newberg on Class Actions*, *supra*, § 1:3 ("Rule 23(b)(2) is typically employed in civil rights cases and other actions not primarily seeking money damages. The (b)(2) class action is often referred to as a 'civil rights' or 'injunctive' class suit."); *Id.* at § 4:40 ("While civil rights cases are often maintained against public and private defendants under civil rights *statutes*, many (b)(2) class actions challenge government actions on *constitutional* grounds as

well.") (emphasis in original). Rule 23(b)(2) classes seek "an indivisible injunction benefitting all its members at once," individualized inquiries into "whether class issues predominate" are unnecessary, and "[p]redominance and superiority are self-evident." *Dukes*, 564 U.S. at 362–63 (emphasizing the importance of classwide relief based on the structure of Rule 23(b)(2) and noting the Rule's historical basis in civil rights cases).

The class is exactly the kind of class that Rule 23(b)(2) is meant to embrace. The class's interests are sufficiently related to warrant aggregate litigation. Travis County has acted on grounds that apply generally to the class—Travis County's unconstitutional policies and practices apply to every arrestee who cannot afford counsel who is booked into the Travis County Jail. *See Casa Orlando Apartments, Ltd. v. Fed. Nat'l Mortg. Ass'n*, 624 F.3d 185, 198 (5th Cir. 2010) ("[Rule] 23(b)(2) requires common behavior by the defendant towards the class."). Furthermore, it is far more efficient for this Court to grant declaratory relief protecting all of the class members than to extend that relief piecemeal through individual suits. Accordingly, the Court should certify the class under Rule 23(b)(2). *Accord Booth v. Galveston Cnty.*, No. 18-cv-0104, 2019 WL 1129492, *7 (S.D. Tex. Mar. 13, 2019), *adopted*, 2019 WL 1411664 (S.D. Tex. Mar. 28, 2019), *vacated on other grounds*, 2022 WL 2702059 (5th Cir. 2022) (hereinafter "*Booth*").

## V.   This Action Satisfies the Prerequisites of Rule 23(a)

Under Rule 23 of the Federal Rules of Civil Procedure, the party seeking class certification must show that:

(1)   the class is so numerous that joinder of all members is impracticable;

(2)   there are questions of law or fact common to the class;

(3)   the claims or defenses of the named parties are typical of the claims or

    defenses of the class; and

(4) the named parties will fairly and adequately protect the interest of the class.

  The Fifth Circuit instructs that courts entertaining class actions to vindicate civil rights should not apply rules about the burden of proof "rigidly or blindly." *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir. 1981) (quoting *Jones v. Diamond*, 519 F.2d 1090, 1099 (5th Cir. 1975)). While the Court must perform a "rigorous analysis" to determine whether to certify a class, *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011), the Court may not require the Plaintiff to establish their claims at the class certification stage. *See Amgen Inc. v. Conn. Retirement Plans & Trust Funds*, 568 U.S. 455, 466 (2013) ("Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."). At the certification stage, the Plaintiff only needs to provide evidence to demonstrate that Rule 23 is satisfied, not a "dress rehearsal for the merits." *In re Deepwater Horizon*, 739 F.3d 790, 811 (5th Cir. 2014).

  **A.** **Joinder of All People Travis County Subjects to Detention Without Counsel is Impracticable**

  The proposed class is sufficiently numerous to make joinder impracticable. Fed. R. Civ. P. 23(a)(1). There is no fixed number of class or subclass members required for a finding of numerosity. Instead, the key question is "whether joinder of all members is practicable in view of the numerosity of the class and all other relevant factors." *Zeidman*, 651 F.2d at 1038 (quoting *Phillips v. Joint Legislative Comm.*, 637 F.2d 1014, 1022 (5th Cir. 1981)). These other relevant factors include "the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each Plaintiffs'

4

claim." *Id.*; *See also* 1 William B. Rubenstein, *Newberg on Class Actions* §3:12 (5th ed. 2017) [hereinafter *Newberg on Class Actions*] (discussing other relevant factors). Courts also consider "judicial economy arising from the avoidance of a multiplicity of actions." *Id.* Finally, "the fact that the class includes unknown, unnamed future members also weighs in favor of certification." *Pederson v. La. State Univ.*, 213 F.3d 858, 868 n.11 (5th Cir. 2000) (citing *Jack v. Am. Linen Supply Co.*, 498 F.2d 122, 124 (5th Cir. 1974)).

The Fifth Circuit holds that "[t]he general rule encouraging liberal construction of civil rights class actions applies with equal force to the numerosity requirement of Rule 23(a)(1)." *Jones*, 519 F.2d at 1100. Joinder is presumptively impracticable when a class consists of forty members or more. *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 624 (5th Cir. 1999) (citing *Newberg on Class Actions*, *supra*, § 3:11).

The proposed class easily meets the numerosity requirement. The vast majority of arrestees who cycle through Travis County magistration cannot afford counsel and seek appointed counsel. Statistics that Travis County reports to the Texas Indigent Defense Commission show that Travis County appoints counsel for thousands of arrestees each year. Ex. 1 (Trigilio Declaration) ¶ 6, Ex. 2 (Travis County Indigent Defense Expenditure Report, Fiscal Year 2023). The class is also constantly in flux: each day dozens of arrestees enter the class when they are booked into Travis County Jail, or leave the class because their cases resolve or their attorneys seek counseled bail review. These types of classes are well-suited for certification under Rule 23. *See Pederson*, 213 F.3d at 868 n.11; *see also Jones*, 519 F.2d at 1100 (reminding that even a small class can satisfy numerosity where "the Plaintiffs is seeking injunctive relief on behalf of future class members as well as past and present members"); *Jack v. Am. Linen Supply Co.*, 498 F.2d 122, 124 (5th Cir. 1974) (discussing impracticability of

5

joinder of unknown persons); *Cole v. Livingston*, No. 14-CV-1698, 2016 WL 3258345, at *6 (S.D. Tex. June 14, 2016) (finding numerosity met when there was "a constant flux of inmates into and out of the [prison], so joinder of all of the proposed class members would be impracticable if not impossible"); *Chisholm v. Jindal*, No. 97-CV-3274, 1998 WL 92272, at *3 (E.D. La. Mar. 2, 1998) (finding joinder impracticable, "especially in light of the fact that [the putative class members] are indigent"); *Newberg on Class Actions*, *supra*, § 3:12 (discussing impracticability of joinder generally). In a similar class action, another Texas district court concluded that the test for impracticability of joinder was met where there were "[t]here are hundreds, possibly thousands of potential class members" cycling through the jail. *Booth* at *3.

### B. Claims by The Proposed Class Raise Common Questions That Will Generate Common Answers

The claims asserted on behalf of the proposed class include common questions of law and fact that satisfy Rule 23(a)(2). Commonality requires that the class members' claims "depend on a common contention" such that "determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes*, 564 U.S. at 350. "To satisfy the commonality requirement under Rule 23(a)(2), class members must raise at least one contention that is central to the validity of each class member's claims." *Deepwater Horizon*, 739 F.3d at 810. Courts generally "find common questions of law to be at a high level of generality . . . and questions of fact similarly broad . . . ." *Newberg on Class Actions*, *supra*, § 3:19 (citations omitted). Commonality also requires these common questions "to generate common *answers* apt to drive the resolution of the litigation." *Dukes*, 564 U.S. at 349 (emphasis in original) (quoting Richard A. Nagareda, *Class Certification in the Age of Aggregate Proof*, 84 N.Y.U. L. Rev. 97, 132 (2009). These "common answers" may be answers about the "defendant's injurious conduct." *Deepwater Horizon*, 739 F.3d at 811.

Traditionally, the Rule asks whether the disputed questions are capable of class-wide proof or resolution, and claims need not be identical to satisfy this requirement. *See Simms v. Jones*, 296 F.R.D. 485, 497 (N.D. Tex. 2013) ("Even a single common question of law or fact can suffice.") (citing *Dukes*, 564 U.S. at 359); *see also Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 n.14 (11th Cir. 2000) (observing that Rule 23(a)'s commonality and typicality requirements do not demand all putative class members share identical claims); *Baby Neal ex rel. Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994) (noting that "neither [commonality nor typicality] mandates that all putative class members share identical claims").

This case turns on the right to counsel at magistration under three constitutional provisions. All class members have "suffered the same injury, even [if] the resulting injurious effects—the damages—are diverse." *See Deepwater Horizon*, 739 F.3d at 810–11. This case goes far beyond the "single common question [that] will do." *See Dukes*, 564 U.S. at 359. Many common questions of both law and fact are dispositive to resolving class members' claims. Among the most common questions of fact with respect to the class are:

- Whether counsel is provided for class members magistrated at Travis County Jail;
- Whether Travis County magistration inherently risks issuing pretrial detention orders that irreparably harm class members' criminal cases;
- Whether counsel's assistance at magistration can help avoid erroneous pretrial detention and/or avoid the risk of irreparable harm to an arrestee's criminal case; and
- Whether there is access to a specialized process of Travis County magistration accessibly to only those arrestees who are able to retain a lawyer for magistration.

Among the most common questions of law with respect to the class are:

7

- Whether Travis County magistration is a critical stage of prosecution under the Sixth Amendment;

- Whether Travis County's failure to provide counsel at magistration deprives class members of their right to due process;

- Whether Travis County's failure to provide counsel at magistration violates class members' right to equal protection of the law; and

- Whether Travis County's failure to provide counsel at magistration is a Travis County policy for purposes of 42 U.S.C. § 1983.

Common questions of fact and law pervade this case, justifying certification.

C.   **The Named Plaintiff's Claims Are Typical of the Proposed Class**

The Plaintiff in this case has claims typical of the proposed class. "[T]he test for typicality is not demanding," *Mullen*, 186 F.3d at 625, and "does not require a complete identity of claims." *James v. Dallas*, 254 F.3d 551, 571 (5th Cir. 2001), *abrogated on other grounds in In re Rodriguez*, 695 F.3d 360 (5th Cir. 2012) (citing 5 James Wm. Moore et al., *Moore's Federal Practice* ¶ 23.24[4] (3d ed. 2000) [hereinafter *Moore's Federal Practice*]). In analyzing typicality, "the critical inquiry is whether the class representative's claims have the same essential characteristics of those of the putative class. If the claims arise from a similar course of conduct and share the same legal theory, factual differences will not defeat typicality." *James*, 254 F.3d at 571 (citing *Moore's Federal Practice*, *supra*, § 23.24[4]).

Here, the named Plaintiff is detained under a bail order issued against him without counsel at magistration. Ex. 3 (Johnson Declaration) ¶¶ 9, 11. He requested appointed counsel because he is unable to afford counsel. *Id.* ¶¶ 2, 5. These magistrations are typical of the allegations set forth in the complaint. *Id.* ¶¶ 3–4, 6–7, 9; Ex. 6 (Representative Videos of

8

Magistration). The named Plaintiff has not received any unusual treatment that affects the typicality of his claims. His claims arise from the same course of conduct and are brought under the same legal theory; in other words, the experience of the named Plaintiff exemplifies the typical way that the deprivation of counsel at magistration harms the members of the class. Ex. 3 ¶¶ 10–12.

### D. The Named Plaintiff is a Competent and Dedicated Class Representative

The named Plaintiff also fulfills the final requirement under Rule 23(a): they "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts assessing adequacy consider the representatives' willingness and ability to take an active role in the litigation and protect the interests of other class members and the alignment of interests between the representatives and other class members. *See Slade v. Progressive Sec. Ins. Co.*, 856 F.3d 408, 412 (5th Cir. 2017) (citing *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005)). Representatives "need not be legal scholars" to meet their obligations under Rule 23(a)(4), and "are entitled to work with, and rely upon, their counsel in pursuing their claims and navigating the complicated legal and factual issues associated with" complex litigation. *Feder*, 429 F.3d at 132 n.4. *See also Stoffels v. SBC Commc'ns, Inc.*, 238 F.R.D. 446, 455 (W.D. Tex. 2006) (("[T]he Fifth Circuit recognizes that 'certainly, class representatives need not be legal scholars, and are entitled to rely on counsel.'") (quoting *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 483 (5th Cir. 2001)). A class representative is adequate when she has "familiarity with the complaint and the concept of a class action." *Horton v. Goose Creek Indep. Sch. Dist.*, 690 F.2d 470, 484 (5th Cir. 1982).

The named Plaintiff is willing and able to fulfill his obligations as class representatives and has the support of counsel with significant experience in litigating complex civil rights actions like this one. The named Plaintiff has agreed to act as a representative for the class and

has met with the undersigned counsel and discussed the responsibility of prosecuting a class action on behalf of people booked into Travis County Jail. The named Plaintiff can demonstrate familiarity with the allegations in this action, the concept of a class action, and the relief sought in this action. The named Plaintiff is prepared to respond to reasonable discovery requests in this case. Finally, the named Plaintiff is dedicated to fulfilling the role and duties of a class representative protecting class members' fundamental constitutional rights. *See generally* Ex. 3 ¶¶ 12–13. Plaintiff's counsel further states:

### i. There Are No Known Conflicts

The named Plaintiff shares the class's interests and suffers the same injuries as other prospective class members. There are no known conflicts or potential conflicts between the named Plaintiff's interests and the interests of the class members. The interests of the named Plaintiff and class members are aligned: all people seek relief from unconstitutional pretrial detention hearings. Neither the named Plaintiff nor any class member benefits from the denial of due process or equal protection while imprisoned.

### ii. There is No Known Need for Subclasses

Plaintiff's counsel do not believe this claim will require subclasses now or in the future.

### iii. Plaintiff's Counsel Have Extensive Prior Experience with Class Action Litigation and Civil Rights Litigation

Finally, as also relevant to the Fifth Circuit's determination of the named Plaintiff's competency and class counsel's adequacy under 23(g), Plaintiff's counsel are both competent and zealous. *See Slade*, 856 F.3d at 412 (assessing counsel's "zeal and competence" in deciding whether Plaintiffs satisfied Fed. R. Civ. P. 23 (a)(4)). The Court must consider factors including: 1) "the work counsel has done in identifying or investigating potential claims in this action;" 2) "counsel's experience in handling class actions, other complex litigation, and the

types of claims asserted in the action;" 3) "counsel's knowledge of the applicable law;" and 4) "the resources that counsel will commit to representing the class." Rule 23(g)(1)(A). The undersigned counsel satisfy these criteria.

First, Plaintiff's counsel have interviewed Plaintiff, performed relevant legal research and drafting, investigated the facts and legal claims raised in this case for many months. Ex. 1 (Trigilio Declaration) ¶¶ 4, 8; Ex. 4 (Letters from Plaintiff's Counsel to Travis County Policymakers). Second, Plaintiff's counsel from the American Civil Liberties Union, the American Civil Liberties Union of Texas, and Weil, Gotshal & Manges, LLP have extensive experience litigating civil rights cases and class actions, including cases concerning violation of the right to counsel at the initial bail hearing. Lead counsel on this case has experience briefing and litigating similar claims across the country. *E.g.*, *Betschart v. Oregon*, No. 23-3560 (9th Cir. amicus filed Jan. 5, 2024); *Medina v. McIff Allen*, No. 23-4057 (10th Cir. amicus filed Sept. 18, 2023); *Guill v. Allen*, No. 19-cv-1126 (M.D.N.C. summ. j. partially denied Sept. 21, 2023); *White v. Hesse*, No. 19-cv-1145 (W.D. Ok. mot. to dismiss briefed Jan. 27, 2022); *Booth v. Galveston Cnty.*, No. 18-cv-0104, 2019 WL 4305457 (S.D. Tex. prelim. inj. issued Sept. 11, 2019). Third, Plaintiff's counsel are particularly familiar with the application of constitutional rights in misdemeanor and felony courts in Texas. Counsel have advocated for policy reform on the issues raised in this case with state and local officials, and educated the public and other attorneys about preventing and remedying the type of constitutional violations exemplified by this case. Ex. 4. Finally, Plaintiff's counsel are prepared to contribute significant resources to the representation of this class. Ex. 1 ¶¶ 4–5. Therefore, Plaintiff's counsel satisfies the four criteria in Rule 23(g), and they respectfully request appointment as class counsel.

    iv.  **Plaintiff's Counsel Are Currently Representing, and Have Represented, Classes in Other Class Action Litigation**

Ms. Trigilio from the ACLU Foundation Criminal Law Reform Project is presently class counsel in *Guill v. Allen*, No. 19-cv-1126 (M.D.N.C.) (concerning deprivation of counsel at first appearance and unconstitutional bail practices). She previously served as counsel for certified classes in *Booth v. Galveston County*, No. 18-cv-0104 (S.D. Tex.) (concerning deprivation of counsel at first appearance and unconstitutional bail practices) and *Daves v. Dallas County*, No. 18-cv-0154 (N.D. Tex.) (concerning unconstitutional bail practices). Ms. Kumar and Mr. Buser-Clancy have not represented a certified class. Ms. Piñon has previously served as class counsel in *Booth v. Galveston County*, along with Ms. Trigilio. Ms. Falk has not represented a certified class, but she has defended clients in two certified class actions.

    v.  **Plaintiff's Counsel Are Currently Handling Other Cases in Which Class Action Allegations Are Made**

Ms. Trigilio from the ACLU Foundation Criminal Law Reform Project is presently seeking class certification in *White v. Hesse*, No. 19-cv-1145 (W.D. Ok.) (concerning deprivation of counsel at first appearance and unconstitutional bail practices). Ms. Kumar, Mr. Buser-Clancy, Ms. Piñon, and Ms. Falk are not currently handling other matters in which class action allegations are made.

**VI. Plaintiff Knows of No Pending Actions in Any Court Against the Defendants Alleging the Same or Similar Causes of Action**

  Plaintiff knows of no pending actions against Travis County alleging the same or similar causes of action.

**VII. Class Counsel Has Thoroughly Explained the Nature of a Class Action and the Relative Merits of Class versus Individual Actions**

  Ms. Trigilio and Ms. Kumar have thoroughly explained to the named Plaintiff the nature

12

of a class action and the relative merits of pursuing an individual claim for prospective relief versus a classwide claim for prospective relief. The named Plaintiff brings this case with the understanding that he is serving as volunteers to vindicate the rights of future arrestees booked into Travis County Jail. Ex. 3 ¶¶ 12–13 As described above in Section V.D, the named Plaintiff is making an informed and wiling choice to undertake the duties of a class representative.

### VIII. Plaintiff Does Not Propose Requiring Notice Because He Seeks Only Prospective Relief Under Rule 23(b)(2)

Plaintiff's counsel do not propose requiring notice of certification. For cohesive classes certified under Rule 23(b)(2), class participation is mandatory, and thus notice of certification serves "little function" and is required only in "exceptional situations." Newberg on Class Actions, supra, § 8:3. There are no such exceptional circumstances here. The cost of notice would outweigh any benefit.

### IX. Settlement with the Named Plaintiff on an Individual Basis is Unlikely

Travis County has little incentive to offer declaratory relief to the named Plaintiff on an individual basis. It is likely that, though the controversy with the class will remain live, the named Plaintiff's individual claims will be mooted before any realistic opportunity for settlement or final adjudication. Outside the scope of this representation, Plaintiff's counsel have advocated for Travis County officials to voluntarily implement counsel at magistration, Ex. 4, but the County has failed to implement any meaningful plan for representation at scale.

### X. Other Matters Plaintiff Deems Necessary and Proper to Expedition of a Decision on the Motion and Speedy Resolution of the Case on the Merits

Plaintiff's counsel know of no such matters.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the court certify the class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. Plaintiff also requests that undersigned counsel be appointed class counsel pursuant to Rules 23(a)(4) and (g). In the alternative, if Travis County contests this motion, Plaintiff requests the opportunity to conduct discovery related to class certification and a subsequent class certification hearing.

Respectfully Submitted,

/s/ Trisha Trigilio
Trisha Trigilio
Texas State Bar Number: 24075179
American Civil Liberties Union
 Foundation, Criminal Law Reform
 Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
trishat@aclu.org

/s/ Jessica L. Falk
Jessica L. Falk
New York Bar No. 4763686*
Weil, Gotshal & Manges
767 Fifth Avenue
New York, New York 10153
(212) 310-8511
jessica.falk@weil.com

/s/ Savannah Kumar
Savannah Kumar
Texas State Bar Number: 24120098*
Tommy Buser-Clancy
Texas State Bar Number: 24078344
Adriana Pinon
Texas State Bar Number: 24089768
ACLU Foundation of Texas, Inc.
P.O. Box 8306,
Houston, TX 77288
(713) 942-8146
skumar@aclutx.org
tbuser-clancy@aclutx.org
apinon@aclutx.org

*Attorneys for Plaintiffs*

*Motions for *pro hac vice* admission forthcoming

14

## Certificate of Conference

This motion was filed simultaneously with the Complaint in this action. Plaintiff did not confer with counsel for Defendant because counsel has not yet been identified. I certify that I will confer with counsel for Defendant upon service of this motion, and inform the Court of the results of the conference.

## Certificate of Service

This motion was filed simultaneously with the Complaint in this action. I certify that Plaintiffs will serve this motion and its appendix simultaneously with service of the summons and complaint.

/s/ Trisha Trigilio
Trisha Trigilio
Texas State Bar Number: 24075179
American Civil Liberties Union
 Foundation, Criminal Law Reform
 Project
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
trishat@aclu.org